THE MOUNT MAGDALEN TRAINING SCHOOL, Respondent, *v.* CITY OF AMSTERDAM, Appellant.

Third Department, October 31, 1940.

*Harry V. Borst*, for the appellant.

*John F. Murray & Robert T. Murray* [*Robert T. Murray* of counsel], for the respondent.

HEFFERNAN, J.  There are no disputed questions of fact in this case.  In the month of September, 1938, Ginger Williams, then twenty-one years of age, became a resident of the city of Amsterdam.  Whence she came does not appear.  On the 21st day of January, 1939, in the Recorder's Court of the City of Amsterdam, which is a Court of Special Sessions, she entered a plea of guilty to the charge of having " contracted an infectious  *  *  *  disease in the practice of  *  *  *  debauchery, requiring charitable aid to restore her to health," in violation of subdivision 3 of section 887 of the Code of Criminal Procedure.  Upon her conviction she was committed by the court to the custody of respondent, a charitable corporation, where she is still an inmate, for an indeterminate term not exceeding three years.  The commitment contained, among other things, a direction to respondent to " render your charge and expenses for such care and keeping to Montgomery County for payment."

Chapter 625 of the Laws of 1934 authorizes magistrates to commit females to respondent's custody when they have been convicted of vagrancy.  That statute contains no direction as to who shall be liable for respondent's charges for the maintenance and care of the unfortunates committed to its custody.

Considerably more than a year after her commitment respondent presented its claim for the maintenance and care of this inmate to the city of Amsterdam.  That claim was rejected principally on the ground that the county of Montgomery and not the city is liable.

There is no question about the reasonableness of respondent's bill.  It made a nominal charge of six dollars per week, which is insufficient to support any inmate.

After the rejection of its claim, respondent instituted this action.  Both parties moved for judgment on the pleadings.  Respondent's

motion was granted and that of the city was denied. From that determination appellant has come to this court.

The Special Term assigned no reason for its conclusion. From our examination of the question involved we are satisfied that on no theory whatsoever can the city be held responsible. Certainly there is no legal ground on which to predicate liability.

It is true, of course, that the acts or omissions which under section 887 of the Code of Criminal Procedure constitute a public offense do not constitute a crime in the strict sense as defined by section 2 of the Penal Law. The offense, however, is one of a criminal nature. The present vagrant statute is included in part VI of the Code of Criminal Procedure. Under the various sections of that article the procedure, though summary, has all the attributes of a criminal action and a conviction eventuates in a penal judgment and execution. (*People ex rel. Stolofsky* v. *Superintendent,* 259 N. Y. 115.) In none of these sections is there any provision that the maintenance of persons committed as vagrants shall be paid for by the town or city where such vagrants resided at the time of their commitment unless they had a legal residence in such town or city.

Whether the young woman in question was convicted of a crime or of an offense of a criminal nature is of no importance. Subdivision 7 of section 240 of the County Law makes the expenses incurred in the support of persons charged with, or convicted of crimes, and sentenced to the county jail, county charges. Likewise section 93 of the same law provides that prisoners detained for trial and those under sentence shall be provided with food at the expense of the county. No law of which we are aware imposes upon a municipality the obligation of supporting criminals. Every statute relating to the subject declares that such expense is an obligation of the county or the State. At the time the court imposed the sentence in the case before us it could unquestionably, under section 892 of the Code of Criminal Procedure, have committed her to the penitentiary or the county jail for a term not exceeding six months. If the court had made that disposition of the case, no one could seriously urge that the obligation to maintain her was other than a county charge.

Section 17 of the Public Welfare Law provides that " for the purpose of administration of public relief and care the State shall be divided into county and city public welfare districts," therein specified. The city of Amsterdam is not such a district. The county of Montgomery is. Under section 18 of that law the county is responsible for the care and maintenance of Miss Williams.

The pertinent provisions of subdivision 3 of section 25 of the Public Welfare Law are: " A county public welfare district shall be responsible for the expense of providing all relief and care for persons having a settlement in a town or city in its territory for which such towns and cities may not be responsible under the provisions of subdivisions one and two of this section, and for the relief and care of any person found in its territory who has no settlement in any such town or city."

Miss Williams had no legal settlement in the city of Amsterdam. At the time of her conviction she had lived there less than five months. According to the provisions of sections 53 and 56 of the Public Welfare Law, in order to acquire a settlement, a person must be a resident and an inhabitant of a town or city for one year without receiving relief, which settlement continues until such person shall have gained a like settlement in some other town or city. Settlement in a county public welfare district is acquired by settlement in a town or city thereof.

It is obvious that the maintenance of a vagrant is relief extended that person and the expense thereof must be a charge against the county, town or city as provided by the Public Welfare Law.

From what has been said it follows that the county of Montgomery and not the city of Amsterdam is responsible for the care and maintenance of Miss Williams. The county should have been made a party to this action. Respondent has a meritorious claim and should not be hindered and delayed in its enforcement.

The order and judgment appealed from should be reversed, without costs, respondent's motion for summary judgment denied, without costs, and appellant's motion for like relief granted, without costs.

HILL, P. J., CRAPSER, BLISS and FOSTER, JJ., concur.

Order and judgment reversed, without costs.

Respondent's motion for summary judgment denied, without costs, and appellant's motion for like relief granted, without costs.